IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELLA J. RHONE, as wife of Bruce N. Rhone, Sr., deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | 8:18CV597<br><br>MEMORANDUM AND ORDER |

This FELA action was filed on December 27, 2018 by Ella J. Rhone, the wife of decedent Bruce N. Rhone, Sr., who died on December 29, 2015. The complaint alleges exposure to toxins while working for the railroad caused or contributed to Bruce N. Rhone, Sr.'s death.

The caption of the complaint identifies Ella J. Rhone as the Personal Representative of the Estate of Bruce N. Rhone, Sr. The complaint alleges Ella J. Rhone is seeking recovery "as the representative" of her husband's estate. (Filing No. 1, ¶ 2). The caption and the allegation were then, and remain, untrue. The information of record establishes that Ella J. Rhone did not file a petition to be appointed as a personal representative until May 8, 2019, over four months after this lawsuit was filed. (Filing No. 18, at CM/ECF pp. 5, 23-28).

On March 27, 2019, the parties notified the court that a personal representative had not been appointed to pursue the above-captioned lawsuit, along with several other toxic fume cases filed against UPRR by Plaintiff's counsel. Byrd v. Union Pacific Railroad Co., 8:18cv36, (Filing No. 34-1). After affording Plaintiff's counsel four weeks to obtain a personal representative for all previously filed cases, the undersigned judge entered an order on April 25, 2019 stating that

as to all such lawsuits, "if letters of personal representation have not already been produced, the letters shall be produced to Defendant by May 16, 2019." Byrd v. Union Pacific Railroad Co., 8:18cv36, (Filing No. 34).[1]

Plaintiff's counsel did not comply with this order. Instead, he produced a notice stating Ella J. Rhone filed an Application for Independent Administration on May 8, 2019. (Filing No. 18 at CM/ECF p. 5 ¶ 7, pp. 23-28). As of May 22, 2019, Plaintiff's counsel had not produced a copy of any order appointing an administrator for the Bruce N. Rhone, Sr. estate or any letters of administration.

UPRR moved for sanctions, requesting dismissal of this case. (Filing No. 17). UPRR argues that absent appointment of a personal representative to litigate the Plaintiff decedent's claim, no lawsuit exists. As such, Defendant argues it should not be required to invest time and resources into this litigation.

Citing MO, KS, & TX. Ry. Co. v. Wulf, 226 U.S. 570 (1913), Plaintiff's counsel argues a decedent can pursue a FELA action prior to formal appointment of a personal representative; that "the district court may allow the amendment of the Complaint to allow the claim to proceed with the Plaintiff as the representative of the estate and that amendment relates back to the original filing." (Filing No. 20, at CM/ECF p. 3). Plaintiff's counsel states that "if leave is granted, and a reasonable time allowed," he will further pursue obtaining the appointment of Ella J. Rhone as representative of her husband's estate. (Filing No. 20, at CM/ECF p. 4).

---

[1] The undersigned magistrate judge currently manages over seventy toxic tort actions filed against UPRR by Plaintiff's counsel, with some orders entered in Byrd v. Union Pacific Railroad Co., 8:18cv36 applicable to all such cases.

Citing American R. Co. of Porto Rico v. Birch, 224 U.S. 547 (1912), Wulf also specifically held that under the FELA, a "plaintiff could not, although sole beneficiary, maintain the action except as personal representative." Wulf, 226 U.S. at 576. See also, Birch, 224 U.S. at 558 ("The national act gives the right of action to personal representatives only." (emphasis supplied)). Moreover, on April 19, 2019, before Plaintiff's counsel filed his brief on the pending motion, Judge Gerrard entered an order in another case handled by Plaintiff's counsel, Bettisworth v. BNSF, 8:17cv491, (Filing No. 29). In Bettisworth, BNSF moved to dismiss Plaintiff's complaint for lack of standing, arguing the action could not be pursued by a decedent railroad employee absent appointment of a personal representative. Contrary to Plaintiff's counsel's arguments therein, Judge Gerrard held that FELA actions by deceased railroad employees must be litigated through a personal representative. As Judge Gerrard explained, under the language of the FELA, a railroad employee, or "in case of the death of such employee, . . . his or her personal representative," may seek damages for injuries incurred during the course and scope of railroad employment. 45 U.S.C.A. § 51. Judge Gerrard did not, however, dismiss the case. Instead, he explained:

> Rule 17(a)(3) precludes dismissal until after an objection and a reasonable time for substitution has been allowed. The plaintiff requested that he be given 90 days from the date of this Court's order to obtain appointment as the Personal Representative for the Estate of Cathy Jo Bettisworth and thereafter seek leave to file an amended complaint. Plaintiff's request is reasonable and will be granted.

Bettisworth v. BNSF, 8:17cv491, (Filing No. 29, at CM/ECF p. 4).

Unlike Bettisworth, UPRR is requesting dismissal as a sanction for failure to comply with a court order. On April 25, 2019, this court ordered Plaintiff's counsel to serve a letter of personal representation in this case by May 16, 2019. (Filing No. 15). The application for letters of administration was not filed until May 8, 2019.

3

(Filing No. 18, at CM/ECF p. 5). Plaintiff's counsel has not explained the delay in filing an application for a personal representative appointment, and he has not complied with the court's April 25, 2019 order nor provided any explanation for his noncompliance. Rather, he argues that he will comply if afforded a reasonable amount of time.

In Bettisworth, Plaintiff's counsel stated 90 says was a reasonable amount of time to obtain the appointment of a personal representative. He requested and was granted 90 days. In this case, the court's order requiring service of a letter of personal representation was entered over two months ago, on April 25, 2019. ([Filing No. 15](Filing No. 15)). UPRR objected to Plaintiff's lack of standing over three months ago, with the parties first notifying the court that a personal representative had never been appointed in this case on March 27, 2019. Byrd v. Union Pacific Railroad Co., 8:18cv36, ([Filing No. 34-1](Filing No. 34-1)). Under the facts presented, the court finds UPRR raised its objection to capacity over three months ago, and Plaintiff's counsel has already been afforded a reasonable time for substitution.

At the outset of this lawsuit, Plaintiff's counsel was fully aware that a personal representative was necessary. See e.g., Lafferty v. Union Pacific Railroad Co., Case No. 1:17-cv-322-BLW (D. Idaho); Tindall v. Union Pacific Railroad Co., Case No. 1:17-cv-01221-JES-JEH (C.D. Ill.); Puffer v. Union Pacific Railroad Co., Case No. 1:17-cv-01222 (C.D.Ill.). Moreover, the complaint herein acknowledges as such by alleging, albeit falsely, that Ella J. Rhone was bringing the lawsuit as the representative of Bruce N. Rhone, Sr.'s estate. See [Fed. R. Civ. P. 11](Fed. R. Civ. P. 11). Finally, although Plaintiff's counsel argues that the lack of a personal representative will not impede the acquisition of medical and other records to litigate this action, the court's records in other cases filed by Plaintiff's counsel contradict that statement. See Bettisworth v. BNSF, 8:17cv491, (Filing No. 23-1) (medical provider refused

to honor requests for copies of records when accompanied by a medical release signed by a surviving spouse who was not appointed as a personal representative). See also, Jones v. Union Pacific Railroad Co., 8:18cv178 (Filing No. 21-1, at CM/CF p. 3). The lack of a personal representative raises unnecessary hurdles to the discovery process which, in turn, interferes with this court's orders for progression to trial.[2]

I have considered sanctions other than dismissal for Plaintiff's failure to comply with this court's order. UPRR's attorney fees in conducting discovery to ascertain Ella J. Rhone's capacity to sue, and its fees in filing the motion herein, will be awarded. Additional sanctions have been considered because under the facts presented—filing a lawsuit without the capacity to do so, falsely stating in the complaint that the filing person is the decedent plaintiff's personal representative, and then, without any explanation, failing to timely correct the plaintiff's filing status when ordered to do so—an award of attorney fees is insufficient to address the gravity of the conduct. But whether identified as a dismissal or not, other commonly considered sanctions, such as establishing certain adverse facts as true or certain claims dismissed would effectively result in dismissal of Plaintiff's case.

---

[2] The court notes that several hearings have already occurred in the UPRR cases filed by Plaintiff's counsel and managed by the undersigned magistrate judge regarding issues of failing, in whole or in part, to respond to the railroad's discovery. The undersigned magistrate judge has admonished Plaintiff's counsel to respond to discovery in a timely fashion; that considering the number of cases filed by Plaintiff's counsel, my progression orders set the necessary cadence for each individual case and for the totality of all such cases, with any delays posing a serious risk of disrupting the march to trial for all these cases. The court's ability to afford the just, timely and expeditious resolution of cases filed by Plaintiff's counsel depends on his capacity to handle the workload he has accepted and his ability to comply with federal and local discovery rules and this court's case progression orders.

However, dismissal is a harsh sanction, particularly where, as in this case, the statute of limitations will impose a bar to re-filing. The court will therefore grant Plaintiff an additional 14 days to file documentation showing Ella J. Rhone is the personal representative for Bruce N. Rhone, Sr. This deadline should pose no difficulty since Plaintiff's counsel has presumably been working to obtain such an order for at least the last three months. If the notice of personal representative is not timely filed, this case will be dismissed without further notice.

IT IS ORDERED that as to Defendant's motion for sanctions, ([Filing No. 17](#)),

1) Defendant's request for dismissal is denied.

2) Ella J. Rhone given until July 23, 2019 to file a copy of an order appointing her as the personal representative and/or administrator for the estate of Bruce N. Rhone, Sr. Failure to timely comply with this order will result in the final and immediate dismissal of this case without further notice.

3) The clerk shall correct the docket to reflect that Ella J. Rhone is suing as the wife of Bruce N. Rhone, Sr.

4) Defendant is awarded recovery of attorney fees and expenses incurred in performing discovery to determine whether Ella J. Rhone has the capacity to sue, and for filing its motion for sanctions, (Filing No. 17), and

   a. On or before August 1, 2019, Defendant shall submit an itemized billing statement of its fees and expenses associated with the capacity to sue discovery and its motion for sanctions.[3]

   b. Plaintiff's counsel shall respond to this itemization within ten days thereafter.

---

[3] Defendant submitted the same motion for sanctions, briefing and evidence for four cases. Defendant's itemization must not demand quadruple recovery; that is, it must not bill for the same fees in each case.

c. If the parties agree as to the amount to be awarded, on or before August 22, 2019, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendant.

d. If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiff does not timely respond to the Defendant's itemization and demand, Defendant shall file a motion for assessment of attorney fees and costs by no later than September 5, 2019. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

e. If a motion for fees is required, the court may award Defendant up to an additional $750.00 to recover the cost of preparing its motion for assessment of fees.

July 9, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge