IN THE UNITED STATES DISTRICT COURT.
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELLA J. RHONE, as wife of Bruce N. Rhone, Sr., deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:18CV597**<br><br>**MEMORANDUM AND ORDER** |

This court previously ordered Union Pacific is entitled to sanctions in five separate cases, including the above-captioned action. See, Byrd v. UPRR, 8:18-cv-36-CRZ; Jones v. UPRR, 8:18-cv-178-JFB-CRZ; Reynolds v. UPRR, 8:18-cv-303-JFB-CRZ; Edgett v. UPRR, 8:18-cv-407-JFB-CRZ; Rhone v. UPRR, 8:18-cv-00597-JFB-CRZ. These sanctions orders arose from the plaintiffs' failure to timely comply with this court's order requiring each plaintiff to show that he or she was duly appointed as the personal representative or administrator of his or her respective decedent plaintiff's estate. Prior to their death, each of the decedents were employees of Union Pacific. As to all five cases, the plaintiffs are represented by the same attorney.

As to each of the five cases, Union Pacific's core briefing was substantially the same, with additions to each brief discussing the case-specific circumstances. The court's order imposing sanctions stated that upon receiving Defendant's itemized fee application, or a stipulation of the parties as to the fees owed, the court would award attorney fees to the defendant for conducting discovery and filing a motion as to the plaintiffs' lack of capacity to sue. The court

clarified that Union Pacific was entitled to a single, not quadruple, recovery for the attorney work and briefing common to each case.

Union Pacific's fee applications request a total recovery of $10,664.50, allocated as follows: $8,649.00 to Rhone; $1,060.00 to Byrd; $875.50 to Jones; $40.00 to Reynolds; and $40.00 to Edgett. As Jones, Reynolds, and Edgett, plaintiffs did not object to the railroad's fee applications. Plaintiff Rhone objects to the fee application, arguing Union Pacific's evidence "is not explicit enough to determine if the Defendant has billed 'for re-inventing the wheel,'" and having previously briefed the same issues for cases filed by Plaintiff's counsel, Union Pacific did not need to write a new brief. ([Filing No. 30, at CM/ECF p. 1](#)) Plaintiff's counsel "seeks leave to conduct limited discovery on the issue of redundant work product and duplicative billings." ([Filing No. 30, at CM/ECF p. 2](#)).

Union Pacific responds that Plaintiff's objections are too general to be considered. It further argues that in the prior cases cited by Plaintiff's counsel, Union Pacific was moving to dismiss, not for sanctions, and different research was necessary. Finally, it argues:

> Plaintiffs seemingly suggest that Union Pacific could have (or even should have) copied-and-pasted its briefing from the earlier cases. Union Pacific did not do so because the issues involved are distinct and arose in different circumstances. Its attention to those details, which led it to drafting a new brief, hopefully resulted in better briefs and more refined arguments. More thoroughly researched briefs are hopefully more helpful to Courts than the one-size-fits-all approach that Plaintiffs argue should have been employed. Union Pacific should not be penalized for its lawyers' conscientiousness and should receive the full amount of the fees incurred.

([Filing No. 32, at CM/ECF p. 4](#)).

The court agrees. Copy/pasted briefs are sometimes warranted, but not when the issues, such as the standards for dismissal compared to sanctions, are not identical. And copying from prior briefs can stifle a party's ability to provide more current and cogent arguments. The court cannot rely on the general and cursory statements of Plaintiff's counsel as a basis for second-guessing Union Pacific's belief that new briefing was warranted under the circumstances. And the court will not permit discovery on the issue of why Union Pacific decided to write a new brief and whether that decision was appropriate, particularly where Plaintiff's counsel is already struggling to timely perform the discovery needed on the underlying substantive claims.

Based on the evidence before the court, Union Pacific's core brief applicable to all cases, and its reply brief for this case, were primarily written by an associate who billed $165.00 per hour. Plaintiff's counsel does not challenge this billing rate, and the court finds it is very reasonable. The associate spent 51.7 hours drafting the briefs; 20.2 of those hours attributed to reviewing Plaintiff's opposing brief and drafting a reply. Other than arguing that a new brief was unnecessary, plaintiff's counsel does not challenge the number of associate hours spent on drafting the briefs. The court finds the associate hours spent were reasonable. The court also finds the additional review and drafting time invested by the supervising partner, 2.6 hours at $200.00 per hour, was abundantly

reasonable.[1] As requested, the court will award $8,649.00[2] to Union Pacific for time spent in motion practice on the issue of capacity to sue.[3]

Accordingly,

IT IS ORDERED that for the reasons stated in the court's prior order, ([Filing No. 24](#)), Union Pacific's motion, ([Filing No. 29](#)), is granted, and

1) Union Pacific is awarded attorney fees totaling $8,649.00 as sanctions for the conduct of Plaintiff (or Plaintiff's counsel) in filing a lawsuit for a deceased person when Plaintiff lacked the capacity to do so, falsely stating in the complaint that the filing person was the decedent plaintiff's personal representative, and then, without any explanation, failing to timely correct the plaintiff's filing status when ordered to do so.

2) The sanctions amount assessed herein shall be paid to Union Pacific on or before November 7, 2019.

October 7, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] Based on recent fee applications, attorney billing rates for experienced litigators in Nebraska ranges from $250 to $350 per hour.

[2] The total hours times the hourly rates is actually higher than Union Pacific's request. The request to recover $44.50 (rather than $445.5) for 2.7 hours of work ([Filing No. 29, at CM/ECF p. 8](#)) is likely incorrect. But the court will not unilaterally modify the defendant's evidence or request additional briefing based on this discrepancy.

[3] The court permitted Union Pacific to request its fees incurred in performing discovery on the capacity to sue issue. Union Pacific is not requesting fees for discovery, explaining its time entries do not facilitate an accurate calculation of time spent on discovery for that specific issue.